IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN KROGH, KAREN KROGH, KAYE DEVENPORT, and MICHAEL DEVENPORT,<br><br>Plaintiffs,<br><br><br><br><br><br>vs.<br><br><br>CRAIG NIELSEN, GLEN MINER, GARY CHLARSON, DAISHIN CO-PACK, LLC, and JOHN DOES 1 through 10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFFS' MOTION TO AMEND<br><br><br><br>Case No. 2:12-CV-795 TS |

This matter is before the Court on a Motion to Dismiss filed by Defendants Craig Nielsen, Glen Miner, and DaiShin Co-Pack, LLC (collectively "Defendants") and Plaintiffs' Motion to Amend.  For the reasons discussed below, the Court finds that certain of Plaintiffs' claims require dismissal, but that further amendment is appropriate.

## I.  BACKGROUND

The following facts are taken from Plaintiffs' Amended Complaint and viewed in the light most favorable to Plaintiffs, as the non-moving party.

Defendants Nielsen and Miner (the "Individual Defendants") are partners, managing members, and members of the Board of Directors for Defendant DaiShin Co-Pack, LLC ("DaiShin").  Defendant DaiShin was formed to act as a co-pack bottling facility, designed for hot-fill, canned, and PET operations.  In the summer of 2008, Defendants sought capital to invest in DaiShin.  Defendants approached the Devenports and solicited funds.  In exchange, Defendants offered stock in DaiShin and promissory notes.  The Devenports agreed to invest in DaiShin, providing approximately $250,000.  The Devenports were given a purported ownership interest in DaiShin and were also provided signed promissory notes.

In 2009, Defendants solicited funds from the Kroghs.  On June 29, 2009, the Kroghs loaned $250,000 to DaiShin.  In consideration for the loan, DaiShin promised to repay the loan with interest.  In addition, Defendants promised to provide the Kroghs with an ownership interest in DaiShin.

Plaintiffs allege that, in soliciting the funds from them, Defendants failed to disclose several material facts.  In particular, Plaintiffs allege that Defendants failed to disclose that the future success of DaiShin was dependent on receiving further funding, that Defendants had a number of outstanding debts, that Plaintiffs' investment was to be used to pay off various debts of Defendants and to diminish their personal guarantees, and so on.

Plaintiffs further allege that Defendants committed a number of acts and omissions to the detriment of Plaintiffs.  Plaintiffs also allege that Defendants used the loan proceeds for their own personal benefit, rather than for the benefit of the company, and took steps to conceal their actions.

Plaintiffs bring claims under RICO, as well as claims for fraud, breach of fiduciary duty, breach of contract, and securities fraud.

Plaintiffs originally brought this action in Utah state court.  This matter was removed to this Court on August 14, 2012.  On August 19, 2012, Defendants filed their Motion to Dismiss. Plaintiffs have opposed the Motion to Dismiss and have filed a Motion to Amend, seeking to amend certain alleged deficiencies in their Amended Complaint.

## II.  STANDARDS OF REVIEW

A.      MOTION TO AMEND

Where, as in this case, a responsive pleading has been served, Federal Rule of Civil Procedure 15(a)(2) dictates that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  The Rule specifies that "[t]he court should freely give leave when justice so requires."[1]  "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'"[2]

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

3

However, the Court may refuse to grant leave to amend where it finds evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[3]

B.     MOTION TO DISMISS

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[4]  Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[5] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[7]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial,

---

[3] *Id*. (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[4] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Id*. (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

4

but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8]  As the Court in *Iqbal* stated

> only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.[9]

### III.  DISCUSSION

A.    MOTION TO AMEND

Plaintiffs not only oppose Defendants' Motion to Dismiss, they also seek leave to file a Second Amended Complaint.  The proposed Second Amended Complaint adds two parties, thus mooting one of the arguments raised by Defendants in their Motion to Dismiss, as will be discussed below.  The proposed Second Amended Complaint also adds additional factual allegations.  However, the proposed Second Amended Complaint does not cure all of the deficiencies addressed in Defendant's Motion to Dismiss.  Thus, the Court will grant the Motion to Amend, but will require Plaintiffs to submit an amended complaint that addresses the issues discussed below.

---

[8] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[9] *Iqbal*, 556 U.S. at 679 (alteration in original) (internal quotation marks and citations omitted).

B.      MOTION TO DISMISS

      *1.      Rule 9*

Certain of Plaintiffs' claims involve fraud.  Fed. R. Civ. P. 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  "Simply stated, a complaint must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[10]  "Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud."[11]

A review of Plaintiffs' Amended Complaint, as well as the proposed Second Amended Complaint, reveals that it falls well short of what is required under Rule 9(b).  Plaintiffs' Amended Complaint makes the blanket assertion that "Defendants" made certain fraudulent representations or took certain actions, but fails to differentiate between the various Defendants and, thus, fails to set forth the "who."  Nor does the Amended Complaint state when and where the alleged fraud took place.  Because of these deficiencies, dismissal is appropriate.  Plaintiffs' proposed Second Amended Complaint suffers from many of the same flaws.  However, the Court will permit Plaintiffs an opportunity to file a complaint that complies with the requirements of Rule 9(b).

---

[10]*Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

[11]*United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quotation marks and citation omitted).

2.      *Individual Defendants*

Defendants also argue that dismissal of the Individual Defendants is appropriate because Plaintiffs have failed to tie them to any specific fraudulent act.  Plaintiffs do not address this argument in their opposition.  The claims against the Individual Defendants fail for substantially the same reasons set forth above with respect to Plaintiffs' fraud-based claims, but Plaintiffs will be afforded an opportunity to amend.

The Utah Revised Uniform Limited Liability Company Act provides:

(1) The debts, obligations, or other liabilities of a limited liability company, whether arising in contract, tort, or otherwise:
(a) are solely the debts, obligations, or other liabilities of the limited liability company; and
(b) do not become the debts, obligations, or other liabilities of a member or manager solely by reason of the member acting as a member or manager acting as a manager.
(2) The failure of a limited liability company to observe any particular formalities relating to the exercise of its powers or management of its activities is not a ground for imposing liability on the members or managers for the debts, obligations, or other liabilities of the limited liability company.[12]

Further, under Utah law, "[a]n officer or director of a corporation is not personally liable for the torts of the corporation or of its other officers and agents merely by virtue of holding corporate office, but can only incur personal liability by participating in the wrongful activity."[13] Thus, "[w]hen a fraud is alleged, a director or officer of a corporation is individually liable for

---

[12]Utah Code Ann. § 48-3-304.

[13]*Armed Forces Ins. Exch. v. Harrison*, 70 P.3d 35, 41 (Utah 2003) (quotation marks and citation omitted).

fraudulent acts or false representations of *his own or in which he participates*, even though this action in such respect may be in furtherance of the corporate business."[14]

Finally, a corporate officers is not personally liable under contract unless "he executed the contract in a manner clearly indicating that the liability was his alone."[15]

As discussed above, Plaintiffs' Amended Complaint generally attributes the acts or omissions complained of to "Defendants." The Amended Complaint does not differentiate between DaiShin and the Individual Defendants, nor does it distinguish among the Individual Defendants. Without more specific allegations, the Amended Complaint fails to state a claim against the Individual Defendants. However, as with the fraud-based claims, Plaintiffs will be permitted to amend their complaint to provide the additional allegations required to withstand dismissal.

*3.     Indispensable Party*

Defendants next argue that Martin Evans is an indispensable party and that the case should be dismissed based on Plaintiff's failure to join him.

Plaintiffs' proposed Second Amended Complaint adds Mr. Evans as a Defendant. Because the Court will permit amendment and no argument has been made against the inclusion of Mr. Evans, this argument is moot.

---

[14]*Id*. (quotation marks and citation omitted).

[15]*Daines v. Vincent*, 190 P.3d 1269, 1280 (Utah 2008) (quotation marks and citation omitted).

8

4.      *Claims Against Glen Miner*

Defendants' final argument is that the claims against Glen Miner must be dismissed

because any claims against him were discharged in a recent Chapter 7 bankruptcy.  Plaintiffs

oppose, arguing that Defendant Miner failed to include Plaintiffs as creditors in his bankruptcy

proceeding.

Under 11 U.S.C. § 523(a)(3), an individual debtor does not receive a discharge from

debts that were neither listed nor scheduled in time to permit a timely request for a determination

of dischargeability, unless the creditor had "notice or actual knowledge" of the case.  It is

undisputed that Plaintiffs were not identified as potential creditors in Defendant Miner's

bankruptcy proceeding.  Thus, the issue becomes whether Plaintiffs were provided sufficient

notice.

The type of notice required depends on whether the creditor is "known" or "unknown."

A "known" creditor is one whose identity is either known or "reasonably ascertainable by the

debtor."[16]  An "unknown" creditor is one whose "interests are either conjectural or future or,

although they could be discovered upon investigation, do not in due course of business come to

the knowledge [of the debtor]."[17]  When a creditor is "unknown," notice by publication may

---

[16]*Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988).

[17]*Mullane v. Cent. Hanover Bank & Trust, Co.*, 339 U.S. 306, 317 (1950).

satisfy the requirements of due process.[18]  However, when a creditor is "known," notice by publication is not sufficient and actual notice is required.[19]

Defendant Miner makes the conclusory statement that Plaintiffs were unknown creditors. However, this determination cannot be made based solely on the Amended Complaint. Therefore, it is not appropriate for the Court to make this determination on a motion to dismiss under Rule 12(b)(6).  Defendant further states that, since Plaintiffs were unknown creditors, they were given sufficient notice through the routine publication of the bankruptcy court's orders, presumably on the bankruptcy court's website.  Defendant cites no authority to support such a proposition.  Therefore, the Court will reject this argument.

Even if Plaintiffs were unknown creditors and were given appropriate notice, Plaintiffs claims may not be barred, at least not all of them.  Though not addressed by the parties, 11 U.S.C. § 523(a)(2)(A) does not discharge debts "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."  It is possible that at least some of Plaintiffs' claims, were they properly plead, would fall within this exception to discharge.  For the foregoing reasons, dismissal of Plaintiffs' claims against Defendant Miner is not appropriate at this time.

---

[18]*Id*. at 317-18.

[19]*City of New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 296 (1953).

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 7) is GRANTED IN PART AND DENIED IN PART.  Dismissal is done without prejudice to Plaintiff filing a properly amended complaint.  It is further

ORDERED that Plaintiffs' Motion to Amend (Docket No. 16) is GRANTED.  Plaintiff must file an amended complaint with thirty (30) days of this Order.

DATED   December 10, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

11