IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN KROGH, KAREN KROGH, KAYE DEVENPORT, and MICHAEL DEVENPORT,<br><br>  Plaintiffs,<br><br><br><br><br>    vs.<br><br><br>CRAIG NIELSEN, GLEN MINER, GARY CHLARSON, DAISHIN CO-PACK, LLC, MARK EDDY, MARTY EVANS, and JOHN DOES 1 through 10,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br><br><br><br><br>Case No. 2:12-CV-795 TS |

This matter is before the Court on a Motion to Dismiss filed by Defendants Craig Nielsen, Glen Miner, and DaiShin Co-Pack, LLC (collectively "Defendants").[1]  For the reasons discussed below, the Court will grant the Motion as to Plaintiffs' RICO claims and will remand this case to state court.

---

[1]Plaintiffs name other Defendants in their Second Amended Complaint, but there is nothing in the record to indicate that these Defendants have been served with the Second Amended Complaint or any of Plaintiffs' previous complaints.

1

I.  BACKGROUND

Defendant DaiShin Co-Pack, LLC ("DaiShin") was formed to act as a co-pack bottling facility, designed for hot-fill, canned, and PET operations.  Defendants Nielsen, Miner, Chlarson, Eddy, and Evans (the "Individual Defendants") were partners in connection with and acted as managing members and members of the Board of Directors for DaiShin.

In the summer of 2008, DaiShin needed additional capital to open for business.  The Individual Defendants decided to seek out investors for DaiShin.

In furtherance of this plan, Defendant Evans contacted the Devenports and informed them of an investment opportunity with DaiShin.  The Devenports traveled from their home in Idaho to Utah to meet with Evans, Miner, and Nielsen to discuss the terms and details of investing in DaiShin.  In July 2008, the Devenports gave Evans a check for $120,000 for their investment in DaiShin.  The Devenports later agreed to provide $65,000 for additional shares in DaiShin, and an additional $12,000, which was secured by a promissory note.  In August 2009, the Devenports agreed to loan DiaShin an additional $44,464.50.  After that loan, the Devenports were paid $24,689.[2]

Plaintiffs allege that from the time of the initial investment through the fall of 2009, Defendants made false statements about how DiaShin was performing and how the Devenports' funds were being used.

---

[2]The Second Amended Complaint actually states that the Devenports were paid $24,6893. The Court is unsure whether the comma is misplaced or whether a decimal point and additional number were omitted.  In the end, it makes no difference to the Court's analysis.

In the spring and summer of 2009, Defendant Evans told the Kroghs about an investment opportunity in DiaShin.  In the summer of 2009, the Kroghs met with Defendants Evans and Chlarson to discuss investing in DaiShin.  In or around October 2009, the Kroghs met with Defendants Nielsen, Miner, Chlarson, Evans, and Eddy to discuss the Kroghs' potential investment.  Plaintiffs allege that, during this meeting, the Individual Defendants failed to disclose a number of material facts.

After this meeting, the Kroghs agreed to loan $250,000 to DaiShin.  In consideration for the loan, DaiShin promised to repay the loan with interest.  In addition, Defendants promised to provide the Kroghs with an ownership interest in DaiShin.

Plaintiffs allege that Defendants committed a number of acts and omissions to the detriment of Plaintiffs.  Specifically, Plaintiffs allege that Defendants concealed DiaShin's financial problems.  Plaintiffs also allege that Defendants used the loan proceeds for their own personal benefit, rather than for the benefit of the company.  Plaintiffs further allege that Defendants took steps to conceal their actions, including transferring the assets and ownership of DaiShin to a new company.

Plaintiffs allege that they have not been repaid in accordance with the various agreements and bring this suit.  Plaintiffs bring claims under RICO, as well as claims for fraud, breach of fiduciary duty, breach of contract, and securities fraud.

Plaintiffs originally brought this action in Utah state court.  Defendants removed the case to this Court on August 14, 2012.  The Court previously granted in part and denied in part an

3

earlier motion to dismiss, and granted Plaintiffs' request to file an amended complaint. Plaintiffs' Second Amended Complaint was filed on January 9, 2013.

Defendants now seek dismissal of Plaintiffs' RICO claim. Defendants further argue that because the Court's jurisdiction is premised on Plaintiffs' RICO claims, Plaintiffs' state law claims should be dismissed for lack of subject matter jurisdiction. For the reasons discussed below, the Court finds that Plaintiffs have failed to adequately plead their RICO claims. Therefore, dismissal of those claims is appropriate. However, the Court will not dismiss Plaintiffs other claims, but will remand this matter to state court.

## II.  STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[3]  Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[4] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[5]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[6]  "The court's function on

---

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Id*. (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

4

a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7]  As the Court in *Iqbal* stated

> only a complaint that states a plausible claim for relief survives a motion to
> dismiss.  Determining whether a complaint states a plausible claim for relief will
> . . . be a context-specific task that requires the reviewing court to draw on its
> judicial experience and common sense.  But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of misconduct, the
> complaint has alleged—but it has not show[n]—that the pleader is entitled to
> relief.[8]

### III.  DISCUSSION

Defendants argue that Plaintiffs' RICO claims should be dismissed for three reasons: (1) Plaintiffs have failed to sufficiently allege an enterprise that is distinct from the Individual Defendants; (2) Plaintiffs have failed to allege any predicate acts with specificity; and (3) Plaintiffs have not properly alleged a pattern of racketeering activity.  Because the Court agrees that Plaintiffs have not properly alleged a pattern of racketeering activity, the Court will dismiss Plaintiffs' RICO claims and remand this matter to state court.

"The elements of a civil RICO claim are (1) investment in, control of, or conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity."[9]  Racketeering activity is defined

---

[7] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[8] *Iqbal*, 556 U.S. at 679 (alteration in original) (internal quotation marks and citations omitted).

[9]*Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006).

"as any 'act which is indictable' under federal law and specifically includes mail fraud, wire fraud and racketeering."[10]

The determinative issue here is whether Plaintiffs have presented sufficient evidence of a pattern of racketeering activity.  A pattern of racketeering requires at least two acts of racketeering activity in a ten-year period.[11]  Further, to show a pattern of racketeering activity, a RICO plaintiff must also satisfy two additional elements: a relationship between the predicates and the threat of continuing activity.[12]  It is the "threat of continuing activity" element that is at issue here.

A plaintiff may demonstrate continuity by establishing either closed-ended or open-ended continuity.[13]

> [C]losed-ended continuity requires a series of related predicates extending over a substantial period of time.  Predicate acts extending over a few weeks or months are insufficient.  Open-ended continuity requires a clear threat of future criminal conduct related to past criminal conduct.[14]

_____

[10]*Id*. (quoting 18 U.S.C. § 1961(1)(B)).

[11]18 U.S.C. § 1961(5).

[12]*H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

[13]*Id*. at 241.

[14]*Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1273 (10th Cir. 1989) (quotation marks and citation omitted).

"A single scheme to accomplish one discrete goal, directed at a finite group of individuals, with no potential to extend to other persons or entities, rarely will suffice to establish a threat of continuing activity."[15]

It is unnecessary to decide whether the period of activity at issue here constitutes a "substantial period of time" because Plaintiffs have not sufficiently alleged any threat of "future criminal conduct."  "Plaintiffs allege what is actually a closed-ended series of predicate acts constituting a single scheme . . . to accomplish a discrete goal . . . directed at a finite group of individuals . . . 'with no potential to extend to other persons or entities'"[16]  Specifically, Plaintiffs allege that Defendants engaged in a scheme to extract money from them under false pretenses, transfer that money to a shell corporation, thereby depriving Plaintiffs of their loans and investments.  While these allegations may evidence fraud, this is not "the type of long-term criminal activity envisioned by Congress when it enacted RICO."[17]  This case is similar to those cases where the Tenth Circuit and this Court have found the allegations insufficient to sustain a claim under RICO.[18]

---

[15]*Erikson v. Farmers Grp., Inc.*, 151 F. App'x 672, 678 (10th Cir. 2005).

[16]*Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1556 (10th Cir. 1992) (quoting *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1516 (10th Cir. 1990)).

[17]*Duran v. Carris*, 238 F.3d 1268, 1271 (10th Cir. 2001).

[18]*See id.* at 1271; *Boone*, 972 F.2d at 1555-56; *Sil-Flo, Inc.*, 917 F.2d at 1516; *Hansen v. Jenson*, 2008 WL 2901697, at *3-4 (D. Utah July 23, 2008).

Plaintiffs argue that determining whether there is a pattern of racketeering activity is a question of fact better left for the jury.[19]  However before this becomes a question of fact, Plaintiffs must allege sufficient facts to withstand a motion to dismiss.  As discussed, Plaintiffs' allegations fall short.  Further, Plaintiffs ignore the numerous cases decided by the Tenth Circuit and this Court that have dismissed RICO claims for this very reason.  Therefore, dismissal remains appropriate.

Plaintiffs also assert a RICO conspiracy claim.  As Plaintiffs have set forth no viable claim under Section 1962(c), their RICO conspiracy claim cannot stand.[20]  Therefore, the Court will dismiss Plaintiffs' First and Second Causes of Action.

Without any analysis, Defendants argue that, if the Court dismisses Plaintiffs' RICO claims, "Plaintiffs' remaining state law claims must also be dismissed for lack of subject matter jurisdiction."[21]

The Court had original jurisdiction over Plaintiffs' RICO claims under 28 U.S.C. § 1331 and could exercise supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.  "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."[22]  "[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper

---

[19]*Tal*, 453 F.3d at 1268 (stating that "the extensiveness of the threat [of continuation] is a question of fact").

[20]*Id*. at 1270.

[21]Docket No. 25, at ii.

[22]*Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

determination that retaining jurisdiction over the case would be inappropriate."[23]  Exercising this

discretion, the Court finds that remand is appropriate here.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 25) is GRANTED IN

PART AND DENIED IN PART.  Plaintiffs' RICO claims are dismissed.

The Clerk of the Court is directed to remand this matter to the Fourth District Court of the

State of Utah.

The hearing set for April 15, 2013, is STRICKEN.

DATED   March 25, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

_____

[23]*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).